ORIGINAL PLEADING

INDEX NO. **PL001**

Cert. Date: **6/4/2008**

## IN THE CIRCUIT COURT
## FOR BALTIMORE COUNTY, MARYLAND

KAREN SHELTON
2020 East Lafayette Avenue
Baltimore, Maryland 21223
    *on her own behalf and on behalf of*
    *all others similarly situated,*

        Plaintiffs,

        v.                      Case No. **03-C-08-006115 CN**

CRESCENT BANK & TRUST
Suite 100
1100 Poydras Street
New Orleans, Louisiana 70163
<u>Serve on</u>:
The Corporation Trust Incorporated
300 East Lombard Street
Baltimore, Maryland 21202

        Defendant.

RECEIVED AND FILED
2008 JUN -4 PM 12: 12
CLERK OF THE CIRCUIT COURT
BALTIMORE COUNTY

---

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff Karen Shelton ("Named Plaintiff"), on her own behalf and on behalf of all others similarly situated, by and through attorneys Martin E. Wolf, Richard S. Gordon and Benjamin H. Carney of QUINN, GORDON & WOLF, CHTD., Mark H. Steinbach of O'TOOLE, ROTHWELL, NASSAU & STEINBACH, and Peter A. Holland of THE HOLLAND LAW FIRM, P.C., alleges and states as follows:

2.    This is a Complaint against Crescent Bank & Trust ("CRESCENT BANK") for violating statutory, common law and contractual obligations. Named Plaintiff and the Class are persons whose motor vehicles were financed in Maryland through credit contracts assigned to



EXHIBIT

A

CRESCENT BANK but whose vehicles were later repossessed and sold by CRESCENT BANK at private sales, although CRESCENT BANK told the Named Plaintiff and the other members of the proposed Class that their vehicles would be sold at public sales.

3.    CRESCENT BANK extends secured automobile financing to many borrowers in Maryland. Each year, CRESCENT BANK repossesses a large number of motor vehicles from Maryland residents in connection with their automobile financing. In the event its customer fails to reinstate the contract or redeem the vehicle following repossession, CRESCENT BANK sells the customer's vehicle and applies the proceeds toward the balance on the customer's account. In most cases, the sums CRESCENT BANK obtains for these vehicles is not sufficient to pay off its customer's motor vehicle loan, resulting in a deficiency balance.

4.    CRESCENT BANK's practice is to send its Maryland customers form notices of the pending sale and, thereafter, form notices of the claimed deficiency, as to which it demands payment. If CRESCENT BANK is not able to make payment arrangements with its customer which it regards as satisfactory, it pursues collection action, including filing suit against CRESCENT BANK's customers.

5.    Through its use of deficient form notices, CRESCENT BANK has deprived Maryland customers whose vehicles it repossessed with disclosures mandated by law. Specifically, CRESCENT BANK violated Maryland law by failing to disclose accurately to Named Plaintiff and the Class the time and place repossessed vehicles would be sold. CRESCENT BANK again violated Maryland law by failing to provide Named Plaintiff and the Class with material facts whose disclosure is specifically required following the private sale of a repossessed vehicle - including such basic information as the identity of the buyer, the number of

-2-

bids sought and received and information about the condition of the car at the time of repossession.

6.  As a result of CRESCENT BANK's acts and omissions, Maryland law prohibits CRESCENT BANK from collecting any alleged deficiency which remains after sale of the repossessed vehicle.  Maryland law also enables Named Plaintiff and the Class to seek and recover compensatory damages, statutory penalties and damages, and declaratory and injunctive relief.  CRESCENT BANK's violations of Maryland law have enriched Defendant unfairly at the expense of Maryland borrowers, a practice this suit seeks to end.

7.  CRESCENT BANK's use of form notices which omit material information required by Maryland law makes this case particularly suitable for resolution through a class action lawsuit.

## PARTIES

8.  KAREN SHELTON is a resident of Maryland who entered into a contract to purchase a vehicle from a Maryland dealership, and who entered into a Maryland credit contract by which she financed the purchase of her vehicle.  This contract was assigned and sold to CRESCENT BANK

9.  CRESCENT BANK is a Louisiana corporation with its principal place of business in Louisiana.  CRESCENT BANK is licensed to do business in Maryland, and regularly conducts business in Baltimore County, Maryland, despite the fact that the foreign qualification of CRESCENT BANK with the Maryland State Department of Assessments and Taxation, authorizing it to do business in Maryland, was forfeited in 2005.  Among other things, CRESCENT BANK holds liens on property in Baltimore County, Maryland, repossesses

vehicles in Baltimore County, Maryland, and files lawsuits for deficiency balances in connection with its vehicle liens in Baltimore County, Maryland.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this case under Md. Cts. & Jud. Pro. §6-103(b), as CRESCENT BANK transacts business and performs work and service in the State of Maryland, contracts to supply services in the State of Maryland, regularly does and solicits business and engages in other persistent courses of conduct in the State of Maryland.

11. Venue is proper in this Court under Md. Cts. & Jud. Pro. §6-201, as CRESCENT BANK carries on a regular business and habitually engages in a vocation in Baltimore County, Maryland. Among other things, CRESCENT BANK holds and collects on credit contracts for Baltimore County residents, and sues Baltimore County residents on credit contracts.

## FACTUAL ALLEGATIONS

12. In 2004, Named Plaintiff, Ms. Shelton, purchased a used Mitsubishi Montero (the "Montero") from Antwerpen Mitsubishi of Randallstown, Maryland, a licensed car dealer located in Baltimore County. Ms. Shelton's purchase was financed through a Motor Vehicle Credit Sales Contract ("credit contract") attached as **EXHIBIT 1**.

13. The credit contract affirmatively elects to be governed under Subtitle 10 of Title 12 of the Commercial Law article (i.e., Maryland's Credit Grantor Closed End Credit Provisions - hereinafter abbreviated as "CLEC")(*See* **EXHIBIT 1**, reverse side)

14. Ms. Shelton purchased and used the Montero primarily for personal, household and family purposes.

15. The dealership, Antwerpen Mitsubishi, arranged the financing for Ms. Shelton's

-4-

purchase of the Montero. The credit contract by which Ms. Shelton financed her purchase was assigned to CRESCENT BANK, which accepted the contract and received monthly payments from Ms. Shelton. *See* **EXHIBIT 2**, Assignment of Note.

16.     In late 2006, CRESCENT BANK and/or its agents seized and repossessed the Montero.

17.     CRESCENT BANK then wrote to Ms. Shelton, telling her that the car would be sold unless she reinstated or redeemed her contract. *See* **EXHIBIT 3**, "Maryland Notice of Repossession & Rights of Redemption." This document's title indicates its status as a form document. *Id.* This form notice failed to advise Ms. Shelton of basic information about the time and place of the proposed sale. CRESCENT BANK also sent a notice addressed to Ms. Shelton titled "Maryland Notice of Sale of Property." *See* **EXHIBIT 4**. This notice stated that her vehicle would be sold on January 24, 2007, at a "public sale" at "ADESA WASHINGTON AUTO AUCTION." *See Id.*

18.     On information and belief, the business known as ADESA WASHINGTON AUTO AUCTION does not conduct public sales, but exclusively conducts dealer-only sales. *See* **EXHIBIT 5**, ADESA Corporation Policies and Procedures at 2, "General Policies," stating "[t]he auction is not open to the public, and Dealer is strictly prohibited from bringing retail customers onto the Auction premises." Accordingly, Ms. Shelton's car was sold at a private, not a public, sale.

19.     On or about March 28, 2007, CRESCENT BANK sent Ms. Shelton a notice advising her that the car had been sold on February 7, 2007, not January 24, 2007, as previously represented, and making a demand for payment of a "debt" of $8,699.85 *after* the vehicle had

been sold. *See* **EXHIBIT 6,** Post-Sale Notice. This notice failed to tell Ms. Shelton what price

her car had sold for, who had purchased the vehicle, how the proceeds of the sale had been

distributed, whether any credits were available to her for cancellation of insurance or extended

warranties, or any information about her car that would cause it to sell for a low price.

20.     On or about October 7, 2007, CRESCENT BANK sued Ms. Shelton in the

District Court for Baltimore City for a deficiency balance, interest, and attorney's fees, in a

lawsuit seeking a total of $10,407.89. *See* **EXHIBIT 7,** Complaint. Once Plaintiff's counsel

advised counsel for CRESCENT BANK that the notices CRESCENT BANK provided to Ms.

Shelton were deficient, CRESCENT BANK dismissed the case, but only dismissed it "without

prejudice." *See* **EXHIBIT 8,** Line.  By dismissing the case "without prejudice," CRESCENT

BANK retains its ability to sue Ms. Shelton again, and further to hold the uncollectible

deficiency balance over her head as a "debt" even in the absence of another lawsuit despite

CRESCENT BANK'S clearly inadequate notices and the resultant lack of any right to sue for or

collect any deficiency balance.

21.     Maryland's Credit Grantor Closed End Credit Provisions ("CLEC"), Md. Comm.

Law Code Ann., §12-1001 *et seq.*, governs CRESCENT BANK's extension of credit to Ms.

Shelton and all members of the Class.  CLEC requires that credit grantors such as CRESCENT

BANK sell repossessed vehicles in a commercially reasonable manner, provide a full accounting

of sale proceeds and disclosure of certain material facts to its borrowers:

> (j) *Sale or auction - Authorized; notice; commercially reasonable manner;*
> *accounting.* —
> (1) (i) Subject to subsection (1) of this section, the credit grantor shall
> sell the property that was repossessed at:
> 1. Subject to paragraph (2) of this subsection, a private sale; or

2. A public auction.

(ii) **At least 10 days before the sale, the credit grantor shall notify the consumer borrower in writing of the time and place of the sale, by certified mail, return receipt requested, sent to the consumer borrower's last known address.**

(iii) Any sale of repossessed property must be accomplished in a commercially reasonable manner.

(2) **In all cases of a private sale of repossessed goods under this section, a full accounting shall be made to the borrower in writing** and the seller shall retain a copy of this accounting for at least 24 months. **This accounting shall contain the following information:**

(i) **The unpaid balance at the time the goods were repossessed;**

(ii) **The refund credit of unearned finance charges and insurance premiums, if any,**

(iii) **The remaining net balance;**

(iv) **The proceeds of the sale of the goods;**

(v) **The remaining deficiency balance, if any, or the amount due the buyer;**

(vi) **All expenses incurred as a result of the sale;**

(vii) **The purchaser's name, address, and business address;**

(viii) **The number of bids sought and received; and**

(ix) **Any statement as to the condition of the goods at the time of repossession which would cause their value to be increased or decreased above or below the market value for goods of like kind and quality.**

    *   *   * (emphasis supplied)

Md. Comm. Law Code Ann., §12-1021(j).

22.    CRESCENT BANK's form notice attached as **EXHIBIT 4** violates CL §12-1021(j)(1)(ii) because it fails to accurately notify Named Plaintiff of the time and place her car will be sold via certified mail, return-receipt requested.  On information and belief, Plaintiff avers that CRESCENT BANK sent similar form notices to all of its other Maryland borrowers whose vehicles were repossessed, and that CRESCENT BANK's form notice to all members of the Class also failed to accurately inform the Class via certified mail, return receipt requested of the time and place at which their vehicles would be sold, in violation of CL §12-1021(j)(1)(ii). On information and belief, Plaintiff avers that CRESCENT BANK systematically and routinely

misidentifies the date of sale in these form notices. Plaintiff avers on information and belief it is

CRESCENT BANK's standard practice to state that its repossessed vehicles will be sold at a

certain time in its form Notice of Sale of Property when, in fact, such date rarely if ever coincides

with the actual date of sale. The actual date of sale is a material fact the accurate identification of

which is required by the CLEC provisions set forth above. By failing to accurately inform the

Plaintiff and the Class of the final date by which they must redeem their vehicle, and the time and

the location of the sale, CRESCENT BANK denied the Plaintiff and the Class important rights

and violated CLEC's requirements.

23.    CRESCENT BANK's form notice attached as **EXHIBIT 6** also violates CL §12-

1021(j)(2) by failing to make the full accounting required by this statute for vehicles sold at

private sale. Among its deficiencies, CRESCENT BANK's form notice fails to disclose to

Named Plaintiff (i) the unpaid balance at the time the goods were repossessed; (ii) the refund

credit of unearned finance charges and insurance premiums, if any, (iii) the remaining net

balance; (iv) the proceeds of the sale of the goods; (v) all expenses incurred as a result of the

sale; (vi) the purchaser's name, address, and business address; (vii) the number of bids sought

and received; and (viii) the condition of the goods at the time of repossession which would cause

their value to be increased or decreased above or below the market value for goods of like kind

and quality. On information and belief, Plaintiff avers that CRESCENT BANK sent similar form

notices to all of its other Maryland borrowers whose repossessed vehicles were sold at private

sale, and that CRESCENT BANK's form notice to all members of the Class also failed to

provide the Class with the full accounting and disclosures required by CL §12-1021(j)(2),

including (i) the unpaid balance at the time the goods were repossessed; (ii) the refund credit of

unearned finance charges and insurance premiums, if any, (iii) the remaining net balance; (iv) the

proceeds of the sale of the goods; (v) all expenses incurred as a result of the sale; (vi) the

purchaser's name, address, and business address; (vii) the number of bids sought and received;

and (viii) the condition of the goods at the time of repossession which would cause their value to

be increased or decreased above or below the market value for goods of like kind and quality, in

violation of CL §12-1021(j)(2).

24.     CRESCENT BANK's failure to provide the full accounting and material facts

whose disclosure is mandated by CL §12-1021(j) deprived Named Plaintiff and members of the

Class of information and benefits to which they were entitled by law.  The disclosures mandated

by CL §12-1021(j) are intended to help borrowers like the Named Plaintiff and the Class protect

their interests in their vehicles, and to hold credit grantors such as CRESCENT BANK

accountable for selling the vehicles in a commercially reasonable manner.  Without disclosure of

the information required by CL §12-1021(j), Named Plaintiff and members of the Class do not

know what kind of sale their vehicles will actually be sold at, how long they have to redeem the

vehicles, do not know whether there has been a *bona fide* public or private sale, whether the sale

was conducted in a commercially reasonable manner, and do not know whether CRESCENT

BANK's claimed deficiencies are reasonable.

25.     Absent strict compliance with the statutorily required notices regarding

repossession, a Maryland credit grantor may not lawfully assess or collect any deficiency from

consumer borrowers, or any other person liable under the contract, following disposition of the

repossessed property.  The CLEC statute specifically provides:

If the provisions of this section, including the requirement of furnishing a notice

-9-

following repossession, are not followed, the credit grantor shall not be entitled to any deficiency judgment to which he would be entitled under the loan agreement.

CL §12-1021(k)(4).

26.     In addition, absent strict compliance with the statutorily required notices regarding repossession, a credit grantor "may collect only the principal amount of the loan and may not collect any interest, costs, fees, or other charges with respect to the loan." CL §12-1018(a)(2). A credit grantor who knowingly violates any provision of the CLEC is liable for statutory damages of three times the interest, costs, fees and other charges collected in excess of that authorized by CLEC. CL §12-1018(b).

27.     On information and belief, Plaintiff avers that before selling a vehicle following its repossession, and as a part of its routine business practices in Maryland, CRESCENT BANK systematically and regularly fails to send its Maryland customers a proper written notice via certified mail, return receipt requested, giving the customer at least 10 days accurate notice of the time and place of the sale, in violation of CL §12-1021(j)(1)(ii).

28.     On information and belief, Plaintiff avers that as a part of its routine business practices, CRESCENT BANK unfairly, deceptively and systematically represents to its Maryland customers in written forms that their repossessed vehicles will be sold at a "public auction" when, in fact, the cars are sold at a private, dealer-only sale.

29.     On information and belief, Plaintiff avers that as a part of its routine business practices in Maryland, CRESCENT BANK unfairly, deceptively, and systematically represents to its Maryland customers in written form notices that its customer's vehicle will be sold on a date when, in fact, the vehicle is not sold on that date.

-10-

30.     On information and belief, Plaintiff avers that as a part of its routine business

practices in Maryland, CRESCENT BANK systematically and regularly sends post-sale notices

to its Maryland customers with credit contracts governed by CLEC, whose cars were sold at

private sales, which do not provide the full accounting and disclosures mandated by CLEC at CL

§12-1021(j)(2).  Specifically, CRESCENT BANK routinely and regularly omits from its

disclosures one or more of the following: (i) the unpaid balance at the time the goods were

repossessed; (ii) the refund credit for unearned finance charges and insurance premiums, if any,

(iii) the remaining net balance; (iv) the proceeds of the sale of the goods; (v) all expenses

incurred as a result of the sale; (vi) the purchaser's name, address, and business address; (vii) the

number of bids sought and received; and (viii) the condition of the goods at the time of

repossession which would cause their value to be increased or decreased above or below the

market value for goods of like kind and quality.

31.     On information and belief, Plaintiff avers that notwithstanding CRESCENT

BANK'S failure to comply with CLEC's mandatory notice requirements, CRESCENT BANK

has knowingly assessed, demanded and attempted to collect or has collected alleged deficiency

balances, in whole or in part, from Named Plaintiff and the Class, for which the borrowers were

not liable as a matter of law.  CRESCENT BANK has made unlawful collection demands to

Named Plaintiff and the Class, has falsely represented to those borrowers that deficiency

balances were owed, has collected money from borrowers to which it is not entitled, and has

threatened to sue, and has sued, borrowers who did not owe any deficiency.  At all relevant times,

CRESCENT BANK has had actual knowledge that Named Plaintiff and the Class were not liable

for any deficiency as a result of CRESCENT BANK'S failures to comply with CLEC, but has

nevertheless persisted in its unlawful collection activities. CRESCENT BANK has not returned to Named Plaintiff and the Class the interest, costs, fees and other charges which it must forfeit on each credit contract pursuant to CLEC, CL §12-1018(a)(2). Unless and until this Court grants the declaratory and injunctive relief Plaintiffs seek through this action, CRESCENT BANK will continue to engage in business practices which violate CLEC and which result in deficiency judgments to which CRESCENT BANK is not entitled.

## CLASS ACTION ALLEGATIONS

32.    Named Plaintiff brings this action on behalf of a Class which consists of:

**All persons whose vehicles were repossessed and sold at private sale by CRESCENT BANK pursuant to a credit contract governed by CLEC, as to whom CRESCENT BANK:**

**(a)    did not send its customer a pre-sale notice which complied with CLEC, §12-1021(j)(1)(ii); and/or,**

**(b)    did not send its customer the post-sale accounting and disclosures mandated by CLEC, CL §12-1021(j)(2).**

Excluded from the Class are (a) those individuals who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals, (b) any individual who was not a resident of the State of Maryland as of the date that his or her vehicle was repossessed; (c) any individuals against whom a judgment has been granted in favor of CRESCENT BANK on the account at issue on or before the date of the filing of this

-12-

Complaint, (d) any individual who was grated a discharge pursuant to the United States Bankruptcy Code or state receivership laws after the date of his or her Installment Contract; and (e) any individual otherwise obligated on an Installment Contract account that was satisfied more than six months prior to the filing of this Complaint.

33.     The Class, as defined above, is identifiable. The Named Plaintiff is a member of the Class.

34.     The Class consists, at a minimum, of several hundreds or thousands of persons who entered into credit contracts in Maryland governed by CLEC which were assigned to CRESCENT BANK and whose vehicles were subsequently repossessed and sold, and is thus so numerous that joinder of all members is clearly impracticable.

35.     There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members. The common and predominating questions include, but are not limited to:

(a) Whether CRESCENT BANK failed to provide written notices required by and compliant with CLEC, CL §12-1021(j)(1)(ii) to borrowers whose motor vehicles were repossessed;

(b) Whether CRESCENT BANK failed to provide the full written accounting and disclosure forms required by and compliant with CLEC, CL §12-1021(j)(2) to borrowers whose motor vehicles were repossessed and sold at a private sale;

(c) Whether CRESCENT BANK knowingly violated CLEC provisions by

-13-

systematically utilizing deficient forms which failed to include legally required information for borrowers and therefore should be required to forfeit three times the amount of interest, fees and other charges collected in excess of those allowed by CLEC;

(d) Whether CRESCENT BANK systematically misrepresented in writing in the form notices it to members of the Class the Defendant's right to collect funds from members of the Class;

(e) Whether CRESCENT BANK systematically misrepresented in writing in the form notices it sent to members of the Class the date of sale of the Class members' vehicle;

(f) Whether CRESCENT BANK systematically failed to identify in writing in the form notices it sent to the Class members the time at which the vehicles of Class members would be sold;

(g) Whether CRESCENT BANK systematically breached the credit contracts it accepted for each Class member by failing to comply with CLEC as a matter of ongoing policy;

(h) Whether CRESCENT BANK systematically assessed, attempted to collect and/or collected deficiency balances from members of the Class that it had no legal right to demand or collect, and for which the Class members were not liable; and

(i) Whether declaratory and injunctive relief is proper, and a writ of mandamus should issue, to prevent CRESCENT BANK from continuing to seek deficiency judgments in violation of CLEC and to compel CRESCENT BANK's compliance with CLEC.

36.   Claims of the Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of Maryland Rule 2-231(a)(3), and are based on and arise out of similar facts constituting the wrongful conduct of CRESCENT BANK.  The prosecution of

-14-

separate actions by individuals members of the Class would create a risk of establishing incompatible standards of conduct for CRESCENT BANK, within the meaning of Maryland Rule 2-231(b)(1)(A).

37. CRESCENT BANK's actions are generally applicable to the respective Class as a whole, and Plaintiffs seek equitable remedies with respect to the Class as a whole, within the meaning of Maryland Rule 2-231(b)(2).

38. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Rule 2-231(b)(3). The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Plaintiffs' counsel are experienced in class actions, and foresee little difficulty in the management of this case as a class action.

## COUNT ONE
### (MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS)

39. Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

40. Maryland's Credit Grantor Closed End Credit Provisions, CL §12-1001 *et seq.*, permit credit grantors such as CRESCENT BANK to provide closed end credit under certain circumstances and subject to certain limitations, including compliance with CLEC provisions relating to repossession and sale of motor vehicles. If a credit grantor timely provides a borrower with the required post-repossession notices, accounting and disclosures mandated by CL §12-1021(j), the credit grantor may obtain a deficiency judgment and retain the interest, costs, fees

-15-

and other charges assessed during the course of its extension of credit.  In the event, however, that the credit grantor fails to provide the required timely post-repossession notices, accounting and disclosures, the credit grantor may not obtain a deficiency judgment [CL §12-1021(k)(4)] and must forfeit all interest charges, fees and other charges with respect to the loan [CL §12-1018(a)(2)].

41.     In violation of CL §12-1021(j)(1)(ii), CRESCENT BANK failed to accurately notify Named Plaintiff and members of the Class of the time and place where their repossessed vehicles would be sold in writing by certified mail, return receipt requested, sent to the borrower's home address at least ten days prior to the sale.

42.     In violation of CL §12-1021(j)(2), CRESCENT BANK failed to provide Named Plaintiff and members of the Class with a written full accounting and the disclosures mandated by this statute after the private sale of repossessed motor vehicles, including (i) the unpaid balance at the time the goods were repossessed; (ii) the refund credit of unearned finance charges and insurance premiums, if any, (iii) the remaining net balance; (iv) the proceeds of the sale of the goods; (v) all expenses incurred as a result of the sale; (vi) the purchaser's name, address, and business address; (vii) the number of bids sought and received; and (viii) the condition of the goods at the time of repossession which would cause their value to be increased or decreased above or below the market value for goods of like kind and quality.

43.     CRESCENT BANK knowingly engaged in these violations of CLEC, CL §12-1021(j).

## COUNT TWO
## (BREACH OF CONTRACT)

44.      Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

45.      Maryland's Credit Grantor Closed End Credit Provisions law was in effect at the time the credit contracts of Named Plaintiff and all members of the Class were signed by them and assigned to CRESCENT BANK. The provisions of the CLEC statute become a part of the contract just as if the parties expressly included the CLEC provisions in their credit contracts. In addition, the contracts of Named Plaintiff and the other members of the Class explicitly refer to and, thus, incorporate the CLEC provisions as contract terms.

46.      When CRESCENT BANK violated CLEC as set forth above, CRESCENT BANK materially breached its contracts with Named Plaintiff and the members of the Class.

47.      As a result of CRESCENT BANK's breaches of contract with Named Plaintiff and members of the Class, Named Plaintiff and members of the Class have been damaged. Named Plaintiff and members of the Class have been deprived of the substantial rights granted to them by CLEC, including (i) the right to know when and where the sale of their vehicle would take place, (ii) the ability to fully evaluate whether to reinstate their account or redeem their vehicle, (iii) the information needed to evaluate whether CRESCENT BANK's demand for payment of the alleged deficiency was reasonable, (iv) the information needed to determine whether the sale of the vehicle was commercially reasonable, (v) the ability to determine whether there should have been surplus funds available for return by CRESCENT BANK, (vi) the information needed to defend against any suit for a deficiency judgment. In addition, Named Plaintiff and the Class also sustained financial damages as a result of CRESCENT BANK's failure to return all of the interest, costs, fees and other charges collected on their loans, and

Named Plaintiff and the Class sustained other damages and losses.

## COUNT THREE
## (DECLARATORY AND INJUNCTIVE RELIEF)

48.     Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

49.     This claim for declaratory relief is brought under the Maryland Declaratory Judgment Act, Md. Cts. & Jud. Pro. §3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legal relations under the credit contracts of the Named Plaintiff and members of the Class and the consumer protections embodied in Maryland's Credit Grantor Closed End Credit Provisions.

50.     CRESCENT BANK maintains it may collect a deficiency balance from Named Plaintiff and members of the Class even though CRESCENT BANK failed to provide Named Plaintiff and members of the Class with the timely post-repossession notices required by Maryland's Credit Grantor Closed End Credit Provisions.

51.     Named Plaintiff and members of the Class have received or will receive collection notices from CRESCENT BANK and/or debt collectors demanding payment of the alleged deficiency balance, and have been sued or will be sued for collection of the sums which CRESCENT BANK claims are due. Moreover, CRESCENT BANK also notifies credit reporting agencies to which it reports (including Equifax, TransUnion and Experian) of the alleged balances due, thereby damaging the credit scores and history of Named Plaintiff and the Class.

52.     These practices continue and will continue unless and until this Court declares

-18-

and affirms that CRESCENT BANK may not collect any alleged deficiency balance unless CRESCENT BANK has provided Named Plaintiff and members of the Class with timely notices containing the information whose disclosure is mandated by CLEC, CL §12-1021(j).

53.    This presents an actual, judicable controversy between the parties relating to the construction of the credit contract of Named Plaintiff and members of the Class and the application of Maryland's Credit Grantor Closed End Credit Provisions to those contracts because CRESCENT BANK has sought or likely will seek to collect on the alleged deficiency balances, including through filing a collection action in court, and CRESCENT BANK continues to harm Named Plaintiff and members of the Class by reporting false and derogatory information to credit reporting agencies regarding the accounts in question.

54.    Named Plaintiff and members of the Class have a right to be free from CRESCENT BANK's attempts to collect deficiency balances, interest, fees, costs and other charges which are not collectible as a matter of law under the terms of its contracts with Named Plaintiff and members of the Class.

55.    The benefits to Named Plaintiff and members of the Class in obtaining an injunction outweigh any potential harm CRESCENT BANK would incur as a result of an injunction, under the balance of the convenience test, as CRESCENT BANK has no legal or contractual right to collect deficiency balances from Named Plaintiff and members of the Class, and Named Plaintiff and members of the Class would greatly benefit from being relieved of CRESCENT BANK's attempts to collect these illegal charges.

56.    Named Plaintiff and members of the Class will suffer irreparable injury unless the requested injunctions are granted, as Defendant will continue to attempt to collect, and collect,

deficiency balances, interest, costs, fees and other charges from them in violation of the law, and Defendant will report erroneous and derogatory information to the credit reporting agencies regarding Named Plaintiff and members of the Class based on the illegally imposed charges.

57.     The public interest is best served by granting the requested injunctions, as the public has a compelling interest in preventing Defendant CRESCENT BANK from violating the statutory and common law of the State of Maryland in its repossession and/or collection practices, and a compelling interest in seeing the laws of the State of Maryland obeyed.

58.     Named Plaintiff and members of the Class are likely to succeed on the merits of this action, as the CLEC explicitly requires that CRESCENT BANK send specific and mandatory notices which comply with the statute to Named Plaintiff and members of the Class which it did not send.

## COUNT FOUR
### (RESTITUTION AND UNJUST ENRICHMENT)

59.     Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

60.     By paying money on deficiency balances, interest, fees, costs and other charges claimed by Defendant, Named Plaintiff and members of the Class conferred a benefit of these illegally collected charges upon Defendant.

61.     Defendant accepted the benefits conferred upon them by Named Plaintiff and members of the Class when they accepted the money paid toward illegally assessed deficiency balances, interest, costs, fees and other charges.  Further, Defendant was aware of, and had knowledge of, the benefits conferred on them, as it demanded those benefits.

-20-

62.     Defendant's collection, acceptance and retention of these charges, when Defendant was not entitled to the charges as a matter of law, is and was and continues to be unjust and inequitable, and Defendant has not refunded the charges to Named Plaintiff and members of the Class. Defendant should not be permitted to retain the benefits of those illegal charges. Defendant's continued withholding of the illegal charges is improper.

63.     Named Plaintiff and members of the Class conferred these unjust benefits upon Defendant after and as a result of Defendant's misconduct as set forth herein.

## COUNT FIVE
### (MARYLAND CONSUMER PROTECTION ACT)

64.     Plaintiff re-alleges and incorporates by reference the allegations set forth above, and further alleges:

65.     Maryland's Consumer Protection Act ("CPA"), Md. Comm. Law Code Ann., §13-101 *et seq.*, prohibits any "person" from engaging in any unfair or deceptive trade practices, *inter alia,* in the extension of consumer credit and in the collection of consumer debts. CL §13-303(3) and (4).

66.     As a "person" under the CPA, CL §13-101(h), Defendant is prohibited from engaging in unfair and deceptive trade practices.

67.     The CPA specifically prohibits Defendant from making any false or misleading oral or written statement or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers [CL §13-301(1)].

68.     The CPA further prohibits Defendant from failing to state a material fact if the failure deceives or tends to deceive [CL §13-301(3)].

-21-

69.   In violation of the CPA, CL §13-303(3) - (4) and §13-301(1), Defendant told Named Plaintiff and members of the Class in writing that their vehicles would be sold at a public auction when they were actually sold at a private sale, mis-identified the date of sale and, therefore, the final date up to which the vehicle could still be redeemed, and notified Named Plaintiff and members of the Class in writing that Named Plaintiff and members of the class owed Defendant deficiency balances which, in fact, Named Plaintiffs and members of the Class did not owe and which CRESCENT BANK could not collect, due to its failures to comply with the law. These written statements were false and misleading and tended to and did deceive Named Plaintiff and members of the Class, many of whom made payments to Defendant which were not due and owing.

70.   In violation of the CPA, CL §13-303(3) - (4) and §13-301(3), Defendant failed to disclose to Named Plaintiff and members of the Class the date and time of sale, and the material facts that their vehicles were being sold at private dealer-only sales and that Defendant did not have the right to collect a deficiency judgment. This failure to disclose material facts led Named Plaintiff or members of the Class to make payments which were not due and which they would not have made had Defendant informed them of the material facts, and caused Named Plaintiff and members of the Class to receive less for their vehicles than if those vehicles had, as represented, been sold at public sale.

71.   Defendant committed unfair and deceptive practices by collecting and attempting to collect on alleged debts which, in fact, were not due and this conduct constitutes unfair and deceptive trade practices in violation of the CPA, §13-101 *et seq.*, including CL §§13-303(3) and (4), and §§13-301(1) and (3).

-22-

72. As a result of Defendant's unfair and deceptive trade practices in violation of the CPA, Named Plaintiff or members of the Class were induced to make payments to Defendant on deficiency balances, and to receive less for their repossessed vehicles than they would have received had the vehicles been sold at public sale, causing Named Plaintiff or members of the Class injury and loss.

73. In violation of the CPA, CL §§13-303(3) - (4) and §13-301(1), and as part of an effort to compel Named Plaintiff and members of the Class to make payments which were not due, Defendant made false and misleading reports to credit reporting agencies regarding the amounts which Named Plaintiff and members of the Class owed on their accounts.

WHEREFORE, Plaintiffs pray that:

A. The Court enter a declaratory judgment establishing that CRESCENT BANK may not collect any claimed deficiency balance, or any interest, fees, costs or other charges on a loan account of Named Plaintiff and members of the Class;

B. The Court enter an order granting Named Plaintiff and members of the Class a preliminary and permanent injunction prohibiting CRESCENT BANK from collecting or attempting to collect alleged deficiency balances, or interest, fees, costs or other charges from Named Plaintiff and members of the Class;

C. The Court enter an order requiring CRESCENT BANK within 30 days to notify all credit reporting agencies to whom it reports that (i) Named Plaintiff and members of the Class have a zero balance on their accounts, and (ii) removing any notation to the effect that the account has been charged off;

D. The Court order that CRESCENT BANK pay to Named Plaintiff and members of

-23-

the Class the statutory civil penalties imposed by CLEC, CL §12-1018(a)(2) by

returning to Named Plaintiffs and members of the Class all sums each paid as

interest, costs, fees or other charges;

E.      The Court enter judgment in favor of Named Plaintiff and members of the Class

against CRESCENT BANK in the amount of all sums paid by Named Plaintiff

and members of the Class toward the claimed deficiency balance, interest, fees,

costs and other charges;

F.      Pursuant to CL §12-1018(b), the Court enter judgment in favor of Named Plaintiff

and members of the Class against CRESCENT BANK in an amount equal to three

times the interest, costs, fees, and other charges which CRESCENT BANK

collected in excess of that allowed by CLEC;

G.      The Court enter judgment in favor of Named Plaintiff and the Class against

CRESCENT BANK for such compensatory damages as the evidence shall

warrant;

H.      The Court enter an award of pre-judgment and post-judgment interest on all sums

award to Named Plaintiff and members of the Class;

I.      The Court award to Named Plaintiff and members of the Class reasonable counsel

fees and the costs of these proceedings; and,

J.      The Court order such other and further relief as the nature of this case may

require.

Respectfully submitted,

QUINN, GORDON & WOLF, CHTD.

By: _____

Martin E. Wolf
Richard S. Gordon
Benjamin H. Carney
QUINN, GORDON & WOLF, CHTD.
102 W. Pennsylvania Avenue, Suite 402
Towson, Maryland 21204
(410) 825-2300
FAX: 410-825-0066

Mark H. Steinbach
O'TOOLE, ROTHWELL, NASSAU &
STEINBACH
1350 Connecticut Avenue, N.W., Suite
200
Washington, D.C. 20036
(202) 775-1550
FAX: 202-775-0008

Peter A. Holland
THE HOLLAND LAW FIRM, P.C.
Clock Tower Place
1410 Forest Drive, Suite 21
Annapolis, Maryland 21403
(410) 280-6133
FAX: 410-280-8650

Attorneys for Named Plaintiff and the
Class

## JURY TRIAL

Plaintiffs demand trial by jury.

Martin E. Wolf

RECEIVED AND FILED
2008 JUN -4  PM 12: 12
CLERK OF THE CIRCUIT COURT
BALTIMORE COUNTY