*Thursday May 28th*
*2:00 P.M.*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Northern Division)

KAREN SHELTON, *et al.*　　　　　　　　　　*

　　Plaintiffs　　　　　　　　　　　　　　*

　　　　　　　　　　　　　　　　　　　　*　　Case No.: 1:08-cv-01799-RDB

v.　　　　　　　　　　　　　　　　　　　*

CRESCENT BANK & TRUST　　　　　　　　*

　　Defendant.　　　　　　　　　　　　　　*

*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*　　*

**FINAL ORDER APPROVING SETTLEMENT AND**
**CERTIFYING SETTLEMENT CLASS**

Upon review and consideration of the Settlement Agreement dated January 20, 2009 by and between the Class Representative, Karen Shelton (acting individually and on behalf of the Class defined below) and Crescent Bank & Trust ("Crescent Bank"), the memoranda and arguments of counsel, and the lack of any objections to the settlement,

IT IS HEREBY ORDERED and adjudged as follows:

1.　　Pursuant to FED. R. CIV. PRO. 23, the settlement of this action, as embodied in the terms of the Settlement Agreement dated January 20, 2009 is hereby finally approved as a fair, reasonable, and adequate settlement of this case in light of the factual, legal, practical and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby adopted as an Order of this Court. In the event of a conflict between the text of this Order and the text of the Settlement Agreement, the text of the Settlement Agreement shall prevail.

2. For the purpose of settlement, as addressed further below, pursuant to FED. R. CIV. PRO. 23(a), (b)(2), and (b)(3), the Court hereby finally certifies the following Class defined as follows:

> All consumers who entered into installment sale contracts with Maryland automobile dealers for the purchase of motor vehicles where: (a) the installment sale contracts contained an election of Subtitle 10 of Title 12 of the Commercial Law ("CLEC"); (b) the installment sale contracts were assigned to, or acquired by, Crescent Bank; (c) the motor vehicles were later repossessed and sold by Crescent Bank; and, (d) the consumer was a Maryland resident at the time the motor vehicle was repossessed.
>
> The Settlement Class excludes: (a) any individual who now is, or ever has been, an officer of any of the Defendants as well as the spouses, parents, siblings and children of all such individuals; (b) any individual who was not a resident of the State of Maryland as of the date that their vehicle was repossessed; (c) any individual against whom Crescent Bank obtained a final judgment on or before June 4, 2008 and (d) any individual who received a discharge of debt pursuant to the United States Bankruptcy Code or state receivership laws prior to the date of Final Approval.

3. The Court finds that notice previously given to 308 borrowers who were involved in transactions with the Defendant, was the best notice practicable under the circumstances and satisfies the requirements of due process and FED. R. CIV. PRO. 23. The Court further finds that of the transactions that potentially met the class definition, all borrowers in these transactions meet the class definition approved above.

4. The Court appoints Karen Shelton as Representative Plaintiffs of the Class and finds that she meets the requirements of FED. R. CIV. PRO. 23.

5. The Court appoints the following lawyers as Class Counsel, and finds that these counsel meet the requirements of FED. R. CIV. PRO. 23:

> Martin E. Wolf
> Richard S. Gordon
> Benjamin H. Carney
> QUINN, GORDON & WOLF, CHTD.
> 102 West Pennsylvania Avenue, Suite 402

Baltimore, MD 21204-4803

Mark H. Steinbach
O'Toole, Rothwell, Nassau & Steinbach
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036

Peter A. Holland
THE HOLLAND LAW FIRM, P.C.
Clock Tower Place
1410 Forest Drive, Suite 21
Annapolis, Maryland 21403

Martin E. Wolf is hereby appointed as Lead Counsel for the Class.

6. The Court further finds that, in accordance with paragraphs 1 and 2 of this Order, all the requirements for class certification are met in this case:

    **a.**    **The Prerequisites of FED. R. CIV. PRO. 23**:

FED. R. CIV. PRO. 23(a) requires the following four threshold elements be met in order for a class to qualify for certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claim or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

**FED. R. CIV. PRO. 23(a)(1) (numerosity)**: The proposed Class in this action consists of all individuals whose vehicles were repossessed and sold by Crescent Bank during the Class Period (June 4, 2005 through and including July 28, 2008), in connection with an installment sale contract governed by CLEC, where the consumer resided in the State of Maryland at the time of repossession.

The Settlement Class excludes: (a) any individual who now is, or ever has been, an officer of any of the Defendants as well as the spouses, parents, siblings and children

of all such individuals; (b) any individual who was not a resident of the State of Maryland as of the date that their vehicle was repossessed; (c) any individual against whom Crescent Bank obtained a final judgment on or before June 4, 2008 and (d) any individual who received a discharge of debt pursuant to the United States Bankruptcy Code or state receivership laws prior to the date of Final Approval. This Court finds that 308 transactions meet this definition and, therefore, the Class is so numerous that joinder would be impracticable in this case. Thus, the Court finds that the numerosity requirement under FED. R. CIV. PRO. 23(a)(1) is satisfied.

**FED. R. CIV. PRO. 23(a)(2) (commonality of facts and law):** Class Representative alleges in this case that Crescent Bank effected the repossession of Class Members' vehicles through form notices of the pending sale and, thereafter, form notices of the claimed deficiency that failed to comply with all of the requirements of CLEC. Class Representative asserts that such a practice also violated Maryland's Consumer Protection Act, MD. CODE ANN., COMM. LAW § 13-101 *et seq.* The Court finds that a determination of the legality of the Defendants' practices concern common questions of law and fact. As such the Court finds the requirements of FED. R. CIV. PRO. 23 (a)(2) are satisfied.

**FED. R. CIV. PRO. 23(a)(3) (typicality of claims and defenses):** This factor focuses on the consideration of whether the representative's interests are truly aligned and consistent with those of the Class Members. In this case, the Class Representative's claims are identical to every other Class Member. Furthermore, the defenses to liability, if any, are similar as to every Class member. Thus, the Court finds that the

requirement of typicality under FED. R. CIV. PRO. 23(a)(3) is satisfied.

**FED. R. CIV. PRO. 23(a)(4) (adequate representation):** The Class Representative's claims are not conflicting or inconsistent with any Class Members' claims. Moreover, the Court finds that Class Representative is represented by able counsel with extensive experience in class action litigation, who have adequately represented the interests of the Class. Thus, the Court finds that the requirement of adequate representation under FED. R. CIV. PRO. 23(a)(4) is satisfied.

b.   **Requirements of FED. R. CIV. PRO. 23(b):**

After the requirements of FED. R. CIV. PRO. 23(a) are found to exist, the Court must determine pursuant to FED. R. CIV. PRO. 23(b) whether this case may be maintained as a class action under FED. R. CIV. PRO. 23(b)(1), (b)(2) or (b)(3).

**FED. R. CIV. PRO. 23(b)(2):** The legality of the pending repossession private sale form notices and thereafter the claimed deficiency form notices in the subject transactions (all of which involved Crescent Bank) is generally applicable to the Class as defined above. Class Representative has requested, and the Settlement provides for, injunctive and equitable relief that affects the rights of the Class as a whole including: 1) Crescent Bank establishing a settlement fund amount of $206,546.76; 2) Crescent Bank's confirmation that it is no longer using the allegedly defective pre-sale and post-sale accounting disclosures challenged in this case; 3) Crescent Bank has agreed to waive all outstanding balances and/or deficiencies that are owed in connection with the Class Members' installment sale contracts and dismiss any pending lawsuits grounded upon an alleged deficiency or balance due

with respect to any of those contracts. Such outstanding balances are believed to be approximately $2,341,000; 4) Crescent Bank has agreed to request that the three major Credit Reporting Agencies delete the trade line relating to the default under the installment sale contract that Crescent Bank held, which is a recovery that is extraordinarily valuable to each Class Member that is hard to value in actual dollars, but is a remedy that the Class could not have recovered had this matter gone to trial. Therefore, class certification under FED. R. CIV. PRO. 23(b)(2) is appropriate.

**FED. R. CIV. PRO. 23(b)(3):** This Court also finds that the allegations in this case focus on a uniform and consistent scheme and that there are common, over-riding legal claims held by all Class members regarding the legality of the pending repossession private sale form notices and thereafter the claimed deficiency form notices in the subject transactions during the class period. The Court further finds that the pursuit of numerous individual cases which would be essentially identical, would be a waste of judicial time and resources. In summary, common questions predominate over individualized questions and a class action suit is the superior vehicle to efficiently adjudicate this lawsuit. Certification under FED. R. CIV. PRO. 23(b)(3) is therefore appropriate.

7. After due consideration of the Class Representative's and the Class' likelihood of success at trial; the range of Class Representative's and the Class' possible recovery; the range of possible recovery at which a settlement is fair, adequate, and reasonable; the complexity, expense and duration of the litigation; the substance and amount of opposition to the settlement; and the state of proceedings at which the settlement was achieved; the lack of any timely

objections; all written submissions; affidavits and arguments of counsel; and after notice and a hearing; this Court finds that the settlement is fair, adequate, and reasonable. Accordingly, this Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the parties to this settlement, including the Class Members. Each Class Member shall be bound by the Agreement, including the releases in the Settlement Agreement, which is hereby incorporated by reference and becomes part of the final judgment in this action.

8. The parties are hereby ORDERED promptly to carry out their respective obligations under the Settlement Agreement and The Casey Group, LTD is hereby DIRECTED to make payments to those Class Members entitled to monetary payments under the Settlement Agreement consistent with the terms of the Settlement Agreement.

9. In accordance with the Agreement, within ten (10) calendar days after the Effective Date, as defined in the Settlement Agreement, The Casey Group, LTD, shall pay, or take all reasonable steps to transfer, assign or release 1/3 of the Settlement Fund to the Trust Account of Quinn, Gordon & Wolf, Chtd, lead Plaintiff's Counsel, to be distributed among Class Counsel for attorneys' fees in accordance with their agreement, plus an additional $208.50 to cover Class Counsel's expenses. In addition, in accordance with the Agreement, within ten (10) calendar days after the Effective Date, Crescent Bank shall make a payment of $2,500 to Class Representative separate and apart from the Settlement Fund as an incentive payment, to reward the Class Representative for her participation in this action.

10. No later than 250 days after the Effective Date, the Settlement Administrator shall submit a report and accounting to the Court and to Class counsel and counsel for Crescent Bank as to the distribution of the Settlement Fund.

11. The Court hereby approves the protocol for distributing the unclaimed settlement funds set forth in ¶18 of the Settlement Agreement as fair, reasonable, and warranted under the circumstances. In accordance with ¶18 of the Settlement Agreement, any residue of the Settlement Fund remaining after 180 days from the date of mailing checks to Class Members pursuant to ¶15(c)(iii) of the Settlement Agreement shall create a *cy pres* fund. The *cy pres* fund shall be donated, subject to the limitations and reversions in the Settlement Agreement, with the approval of the Court, as follows: (1) 50% shall be paid to the Public Justice Center, Inc.; and (2) 50% shall be paid to the Maryland Consumer Rights Coalition, Inc. (collectively the "*cy pres* recipients").

12. All Released Claims of each Class Member (as those terms are defined in the Settlement Agreement) are hereby dismissed on the merits and with prejudice.

13. Each and every Class Member is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Persons for any of the Released Claims.

14. This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

BY ORDER OF THE COURT

Dated: MAY 28, 2009

_____
The Honorable Richard D. Bennett
U.S. District Court for the District of Maryland